**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | |
|---|---|
| DISH NETWORK L.L.C.<br>and NAGRASTAR LLC,<br><br>        Plaintiffs,<br><br>  v.<br><br>PETER LIBERATORE, BRANDON<br>WELLS, DROID TECHNOLOGY LLC,<br>and TAMPA BAY MARKETING<br>SERVICES, INC., individually and<br>collectively d/b/a www.simply-tv.com,<br><br>        Defendants. | Civil Case No. _____<br><br>**FILED UNDER SEAL** |

## PLAINTIFFS' COMPLAINT

Plaintiffs DISH Network L.L.C. ("DISH") and NagraStar LLC ("NagraStar") (collectively with DISH, "Plaintiffs") bring this action against Defendants Peter Liberatore, Brandon Wells, Droid Technology LLC, and Tampa Bay Marketing Services, Inc., individually and collectively d/b/a www.simply-tv.com (collectively "Defendants"[1]), and state as follows:

### PARTIES

1.    Plaintiff DISH Network L.L.C. is a Colorado limited liability company with its principal place of business located at 9601 South Meridian Blvd., Englewood, Colorado 80112.

2.    Plaintiff NagraStar LLC is a Colorado limited liability company with its principal place of business located at 90 Inverness Circle East, Englewood, Colorado 80112.

---

[1] All Defendants are acting jointly in furtherance of a common scheme to steal DISH programming and resell it to unauthorized users. (*See infra* ¶¶ 7-12.)  Defendants acting jointly are collectively referred to herein as "Defendants" where appropriate.  Individual defendants are referred to singularly by specific name where appropriate.

1

3. Upon information and belief, Defendant Peter Liberatore is an individual residing in Seminole, Florida.

4. Upon information and belief, Defendant Brandon Wells is an individual residing in Plant City, Florida.

5. Defendant Droid Technology LLC is a limited liability company organized under the laws of the State of Florida, with its principal place of business listed as 8762 Seminole Boulevard, Seminole, Florida 33772.

6. Defendant Tampa Bay Marketing Services, Inc. is a corporation organized under the laws of the State of Florida, with its principal place of business listed as 8762 Seminole Boulevard, Seminole, Florida 33772.

7. Upon information and belief, there is a unity of interest and ownership between Droid Technology LLC, Tampa Bay Marketing Services, Inc. (collectively "the Simply-TV Entities") and the individual defendants, preventing them from functioning as separate entities. It would be inequitable to allow the Simply-TV Entities to assert a distinction between the Simply-TV Entities and these individual defendants.

8. Upon information and belief, the Simply-TV Entities were formed by some or all of the individual defendants for the purpose of protecting the individual defendants from judgment and in an effort to secrete monies earned by the Simply-TV Entities.

9. Upon information and belief, the individual defendants, acting as managers of the Simply-TV Entities, or in other capacities, failed to respect the separate identity of the Simply-TV Entities such that the separate personalities of the entities and the individual defendants no longer exist, have controlled the Simply-TV Entities, and have acted with intent to defraud in forming and conducting business in the names of the Simply-TV Entities. The recognition of the

business entities would result in an injustice to Plaintiffs.  Upon information and belief, actions and circumstances that warrant piercing the corporate veil include but are not limited to the following:

    a. The individual defendants exercised dominion and control over the Simply-TV Entities, commingling assets with and among the entities, and using the entities in furtherance of Defendants' scheme to defraud Plaintiffs;

    b. The individual defendants drained the Simply-TV Entities of substantial sums of money thereby undercapitalizing the Simply-TV Entities;

    c. The individual defendants and the Simply-TV Entities caused valuable assets, property, rights and/or interests to be transferred to each other without adequate consideration; and

    d. The individual defendants and the Simply-TV Entities failed to follow formalities of corporate existence.

10. This Court should consider the individual defendants and the Simply-TV Entities as one entity or "alter egos" and enter an order piercing the corporate veil of the Simply-TV Entities to reach the individual defendants.

11. Upon information and belief, the individual defendants Liberatore and Wells are co-owners of the Simply-TV Entities who manage and oversee the day-to-day operations and make final decisions concerning the business of the Simply-TV Entities.  Specifically, Liberatore is identified as the authorized manager of Droid Technology LLC and President of Tampa Bay Marketing Services, Inc. in business filings with the Florida Secretary of State.  Wells is listed as Vice President of Tampa Bay Marketing Services, Inc. on the corporation's Articles of Incorporation.  Liberatore and Wells are believed to authorize, control, participate in, and receive

direct financial benefits from the infringing activities of the Simply-TV Entities as alleged herein. Upon information and belief, the infringing acts that Liberatore and Wells engage in as agents of the Simply-TV Entities are within the scope of their agencies.

12. Any judgment pursuant to Plaintiffs' request for relief should be rendered joint and several against the individual defendants and the Simply-TV Entities.

## JURISDICTION & VENUE

13. Plaintiffs assert claims under 47 U.S.C. §§ 605(a) and 605(e)(4). The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

14. Defendants reside in, conduct business in, and engage in the wrongful conduct at issue in this Complaint in Florida, and therefore are subject to this Court's personal jurisdiction.

15. Venue is appropriate in this Court under 28 U.S.C. § 1391(b)(1) because Defendants Peter Liberatore and Brandon Wells reside in this judicial district, § 1391(b)(2) because a substantial part of the events giving rise to Plaintiffs' claims occurred in this judicial district, and § 1391(b)(3) because Defendants are subject to personal jurisdiction in this judicial district.

## NATURE OF THE ACTION

16. Defendants created a pirate streaming television service they have branded "Simply-TV". Defendants sell Device Codes and Android TV Boxes designed to enable access to the Simply-TV pirate streaming service, which includes numerous television channels that were received without authorization from DISH's satellite service and were subsequently retransmitted without authorization on the Simply-TV pirate streaming service. Defendants are believed to engage in or work in concert or participation with other persons that are receiving DISH's channels for retransmission on the Simply-TV pirate streaming service without

authorization. Defendants' actions violate the Federal Communications Act ("FCA"), 47 U.S.C. §§ 605(a) and 605(e)(4).

## DISH'S SATELLITE TELEVISION PROGRAMMING

17. DISH is the fourth largest pay-television provider in the United States and delivers programming to millions of subscribers nationwide via a direct broadcast satellite system.

18. DISH uses high-powered satellites to broadcast, among other things, movies, sports, and general entertainment services to consumers who have been authorized to receive such services after paying a subscription fee, or in the case of a pay-per-view movie or event, the purchase price.

19. DISH contracts for and purchases rights for the programming that is distributed on its platform from network affiliates, motion picture distributors, pay and specialty broadcasters, cable networks, sports leagues, and other holders of programming rights. The DISH programming includes the Cooking, MLB Network, TruTV, HBO East, Cinemax West, Showtime East, Starz East, Starz West, ESPN Deportes, and BeIn Spanish channels (collectively, the "DISH Programming").

20. NagraStar provides smart cards and other proprietary security technologies that form a conditional access system used to authorize receipt of DISH's satellite programming.

21. DISH programming is scrambled prior to being transmitted to a number of satellites located in geo-synchronous orbit above Earth. The satellites relay the encrypted DISH signal back to Earth where it can be received by authorized DISH subscribers that have the necessary equipment, including a DISH receiver and NagraStar smart card. The receiver and

smart card convert DISH's encrypted satellite signal into viewable programming that can be displayed on the attached television of an authorized DISH subscriber.

## DEFENDANTS' WRONGFUL CONDUCT

22. Through various websites, including www.simply-tv.com and https://store.simply-tv.com (collectively, the "Simply-TV Domains"), Defendants sell Device Codes designed and provided by Defendants for the purpose of enabling customers to access servers that are used to stream the television programming on the Simply-TV pirate streaming service, including the DISH Programming. Defendants advertise that "Simply TV works like satellite or cable TV. The difference is that the Simply TV is delivered over the Internet. Simply download the App and watch your favorite shows anywhere, anytime, on any device. …" Defendants advertise that for "only $20 a month" Simply-TV gives customers access to "[o]ver 500 live channels . . . [t]housands of movies and TV shows in VOD sections" as well as access to premium pay-per-view events such as live HBO boxing matches:





23. Defendants also advertise that their "Android TV Boxes" come "fully programmed" for "Live TV & Sports!!!  Any Movie!!!  Any Show!!! Any Time!!!".

24. The Simply-TV pirate streaming service is, and has been, retransmitting the DISH Programming without authorization from DISH.  The DISH Programming was received from DISH's satellite television service without authorization.  The DISH Programming was distributed to Simply-TV customers for Defendants' benefit and the benefit of Simply-TV customers who were not entitled to receive the DISH Programming.  Messages transmitted as part of DISH's satellite television signals were observed on the DISH Programming retransmitted on the Simply-TV pirate streaming service, confirming that the DISH Programming originated from DISH subscriber accounts and DISH's satellite broadcasts.

25. Defendants have been selling Device Codes to the Simply-TV pirate streaming service through the Simply-TV Domains at prices starting at $20 per month for up to three (3) devices.  After payment is made by the Simply TV customers, Defendants provide the customers

with Device Codes that can be used to access the Simply-TV pirate streaming service from various streaming devices. Once the Simply-TV application is downloaded and the Device Codes are entered, the customers are able to view unauthorized programming using the Simply-TV pirate streaming service, including the DISH Programming.

26. In addition to their direct sale and distribution of Device Codes and Android TV Boxes designed for accessing the Simply-TV pirate streaming service, Defendants promote a "Reseller Program" whereby Defendants sell credits to the Simply-TV piracy streaming service to authorized resellers for the purpose of reselling Simply-TV Device Codes to other end users. Defendants also utilize a "Master Reseller Program" which, according to Defendants, "takes the reseller program to a whole another [sic] level." Under this program, Defendants offer customized branding of the Simply-TV piracy streaming service, thereby allowing master resellers to "make [their] own IPTV service and call it whatever [they] want and most importantly, charge whatever [they] want."

27. Upon information and belief, Defendants directly engage in, aid and abet, or are acting within the scope of a principal-agent relationship with other persons that are receiving and retransmitting the DISH Programming on the Simply-TV pirate streaming service.

28. Defendants' wrongful conduct has caused irreparable harm to Plaintiffs for which there is no adequate remedy at law. Defendants' acts have resulted in providing an unknown number of Defendants' Simply-TV customers with access to the DISH Programming, resulting in an unknown amount of revenues being diverted from Plaintiffs and an unknown amount of profits being received by Defendants. In addition to lost revenue and Defendants' profits, Defendants' actions cause harm to Plaintiffs in the form of loss of reputation and goodwill.

## CLAIMS FOR RELIEF

**(Count I – Violation of the Federal Communications Act, 47 U.S.C. § 605(a)
– On Behalf of DISH)**

29. DISH repeats and realleges the allegations in paragraphs 1-28.

30. Upon information and belief, Defendants or persons acting in concert or participation with Defendants received DISH's transmissions of the DISH Programming and retransmitted the DISH Programming on the Simply-TV pirate streaming service, without having authorization from DISH and for their own benefit and their subscribers, in violation of 47 U.S.C. § 605(a).

31. Defendants' sale and distribution of Android TV Boxes and Device Codes for accessing the Simply-TV pirate streaming service assists end users to receive the DISH Programming or the content therein, without having authorization from DISH and for the benefit of the Simply-TV end users, in violation of 47 U.S.C. § 605(a).

32. Defendants have been violating 47 U.S.C. § 605(a) willfully and for purposes of commercial advantage and private financial gain.  Defendants knew or should have known their actions are illegal and prohibited.

33. Defendants' violations cause damage to DISH in an amount to be proven at trial. Unless enjoined by the Court, Defendants will continue to violate 47 U.S.C. § 605(a).

**(Count II – Violation of the Federal Communications Act, 47 U.S.C. § 605(e)(4)
– On Behalf of All Plaintiffs)**

34. Plaintiffs repeat and reallege the allegations in paragraphs 1-28.

35. Defendants sell and distribute Android TV Boxes and Device Codes used for accessing the Simply-TV pirate streaming service in violation of 47 U.S.C. § 605(e)(4).  The Android TV Boxes and Device Codes are knowingly provided by Defendants for purposes of

enabling customers access to the servers that are used to stream the television programming on the Simply-TV pirate streaming service, including the DISH Programming. Defendants' customers are unable to receive the DISH Programming on the Simply-TV pirate streaming service unless they have a valid Device Code. Accordingly, Defendants are engaged in the sale and distribution of Android TV Boxes and Device Codes with knowledge, or reason to know, that these devices are intended to be used in receiving the DISH Programming or its content, without having authorization from DISH and for the benefit of the Simply-TV end users, which is activity that violates 47 U.S.C. § 605(a).

36. Defendants violated 47 U.S.C. § 605(e)(4) willfully and for purposes of commercial advantage and private financial gain. Defendants knew or should have known their actions are illegal and prohibited.

37. Defendants' violations cause damage to Plaintiffs in an amount to be proven at trial. Unless enjoined by the Court, Defendants will continue to violate 47 U.S.C. § 605(e)(4).

## **PRAYER FOR RELIEF**

WHEREFORE, DISH prays for judgment against Defendants as follows:

A. For permanent injunctive relief under 47 U.S.C. § 605(e)(3)(B)(i) restraining and enjoining Defendants, and any agent, servant, employee, attorney, or other person acting in active concert or participation with any of the foregoing that receives actual notice of the order, from:

1. receiving or assisting others in receiving DISH's satellite transmissions or the television programming contained therein without authorization, including transmitting DISH television programming or its content over the Internet or by other means, or distributing DISH

television programming or its content to persons not authorized by DISH to receive or view that programming or channel; and

    2. manufacturing, assembling, modifying, importing, exporting, selling, or distributing devices, subscriptions, applications, or device codes related to the Simply-TV pirate streaming service, or any other device or equipment that is intended for receiving or assisting in receiving DISH's satellite transmissions or the television programming contained therein without authorization;

  B. For an order authorizing Plaintiffs to take possession of and destroy all Simply-TV devices, subscriptions, applications, and device codes, as well as all streaming devices, technologies, tools, software, products, components, or parts thereof in the custody or control of Defendants that the Court has reasonable cause to believe were involved in Defendants' violations of the FCA, pursuant to 47 U.S.C. § 605(e)(3)(B)(i);

  C. For an order requiring removal of Defendants' advertisements and social media pages concerning Simply-TV, and an order requiring transfer of Defendants' websites concerning Simply-TV to Plaintiffs;

  D. For an order directing Defendants to preserve and turn over to Plaintiffs all hard copy and electronic records concerning Simply-TV devices, subscriptions, applications, device codes, or any similar product or service, including manufacturers, exporters, importers, dealers, or purchasers of such products or services, or any persons involved in receiving DISH's satellite transmissions or the programming contained therein without authorization;

  E. Award DISH the greater of its actual damages together with any profits made by Defendants that are attributable to the violations alleged herein, or statutory damages in the amount of up to $10,000 for each violation of 47 U.S.C. § 605(a), under 47 U.S.C. §

605(e)(3)(C)(i), and to increase the amount by $100,000 for each violation, in accordance with 47 U.S.C. § 605(e)(3)(C)(ii);

F. Award Plaintiffs the greater of their actual damages together with any profits made by Defendants that are attributable to the violations alleged herein, or statutory damages in the amount of up to $100,000 for each violation of 47 U.S.C. § 605(e)(4), under 47 U.S.C. § 605(e)(3)(C)(i);

G. Award Plaintiffs their costs, attorney's fees, and investigative expenses under 47 U.S.C. § 605(e)(3)(B)(iii);

H. For a full and accurate accounting of all profits and other benefits received by Defendants as a result of the wrongful conduct described herein;

I. For pre and post-judgment interest on all monetary relief, from the earliest date permitted by law at the maximum rate permitted by law; and

J. For such additional relief as the Court deems just and equitable.

Dated: March 18, 2019

Respectfully submitted,

s/ James A. Boatman Jr.
James A. Boatman, Jr. (Trial Counsel)
Florida Bar No. 0130184
**THE BOATMAN LAW FIRM, P.A.**
3021 Airport-Pulling Road North, Suite 202
Naples, Florida 34105
Telephone: (239) 330-1494
Email: courtfilings@boatman-law.com

Attorneys for Plaintiffs DISH Network L.L.C. and NagraStar LLC